**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-407-DLB**

**MOHAMEDOU TALEB MOUKHTAR** **PETITIONER**

**v.** **<u>MEMORANDUM ORDER</u>**

**MARC FIELDS, et al.** **RESPONDENTS**

* * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Mohamedou Taleb Moukhtar's Petition for Writ of Habeas Corpus. (Doc. # 1). Federal Respondents having responded to the Petition (Doc. # 6), and Petitioner having filed replies (Docs. # 7 & 8), the Petition is ripe for the Court's review. For the following reasons, the Court **grants** the Petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Moukhtar is a native and citizen of Mauritania. (Doc. # 1 at 6). On June 6, 2023, Moukhtar entered the United States without inspection at or near Lukeville, Arizona. (Doc. # 6-1 at 1). Two days later, he was served with a "Notice to Appear," charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*). Moukhtar was subsequently released from custody and, on September 9, 2023, was granted one year to apply for asylum. (Doc. # 1 at 6). In February 2024, Moukhtar applied for asylum, citing a fear of persecution in his native Mauritania. (*Id.* at 6-8).

On June 26, 2025, following an ICE check-in, immigration officials stopped Moukhtar and took him into custody. (*Id.* at 6). He was initially detained in Marion County,

Indiana before being transferred to the Kenton County Jail in Covington, Kentucky, where he has remained since November 6, 2025. (*Id.* at 6, 9).

Meanwhile, the Department of Homeland Security ("DHS") moved to pretermit his asylum application based on an Asylum Cooperative Agreement ("ACA") between Uganda and the United States, under which certain asylum seekers may be removed to Uganda to pursue protection rather than here in the United States. (*See generally* Doc. # 6-2). Immigration Judge ("IJ") Angela Munson agreed and, on January 13, 2026, granted DHS's motion. (*Id.*). That same day, she ordered Moukhtar removed to Uganda. (Doc. # 6-3). Moukhtar did not appeal the removal order. (Doc. # 6 at 2).

But Mouhktar was never removed. Instead, he remains detained at the Kenton County Jail to this day. (Doc. # 1 at 9). And on October 2, 2026, Moukhtar filed the instant Petition for Writ of Habeas Corpus, arguing, in part, that his detention has exceeded six-month presumptively reasonable period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 13-14). Federal Respondents filed a Response on October 13, 2026 (Doc. # 6), and Moukhtar followed with a Reply on October 21, 2026 (Doc. # 7). Accordingly, the matter is ripe for review.

## III. ANALYSIS

Moukhtar, as discussed above, challenges his continued detention under *Zadvydas*, arguing that this detention has exceeded the six-month presumptively reasonable period. The Court agrees.[1]

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the

---

[1] Because the Court will grant Moukhtar's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in his § 2241 petition.

'removal period')." 8 U.S.C. § 1231(a)(1)(A). And "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). That ninety-day clock begins to run on the latest of three possible dates, including "the date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). Neither party, here, disputes that Moukhtar's removal order became administratively final on February 14, 2026—when the thirty-day period to appeal the IJ's decision expired. (Doc. # 6 at 4; Doc. # 7 at 1); *see also* 8 C.F.R. § 1003.39 (recognizing that a removal order becomes final, among other circumstances, "upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken[,] whichever occurs first").

That ninety-day period has long since expired. In *Zadvydas*, however, the Supreme Court held that detention may continue beyond the ninety-day removal period for a "presumptively reasonable period" of six months. 533 U.S. at 701. Following the six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* And "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Moukhtar has been detained beyond the six-month presumptively reasonable period. The question, then, is whether there is a significant likelihood of his removal to Uganda in the reasonably foreseeable future. Moukhtar argues, among other things, that Federal Respondents have provided neither documentation confirming his removal to Uganda nor a timetable for when that removal might occur. (*See* Doc. # 1 at 3; Doc. # 7 at 7). In response, Federal Respondents argue that Moukhtar has failed to

carry his initial burden under *Zadvydas*. (Doc. # 6 at 5-6). And even if he had, Federal Respondents maintain that his removal has only been "temporarily paused due to the recent Ebola outbreak in Uganda" and that, "[o]nce the outbreak subsides and regular flights into . . . Uganda resume, [Moukhtar] will be expeditiously removed[.]" (*Id.* at 4).

Starting with Federal Respondents' first argument, they argue that "[t]he mere passage of time beyond the six-month presumptively reasonable period does not satisfy [Moukhtar's] burden[.]" (*Id.* at 5 (quoting *Lorenzo v. Barr*, No. 20-CV-1372 (JLS), 2021 WL 84283, at *6 (W.D.N.Y. Jan. 11, 2021))). True enough. But Moukhtar *has* alleged more than that. In particular, he points to Federal Respondents' failure to provide any documentation confirming his removal to Uganda or even a timetable for when that removal might occur. (*See* Doc. # 1 at 3; Doc. # 7 at 7). That is enough to carry his initial burden under *Zadvydas*. *See Byiringiro v. Unknown Party*, No. 1:26-CV-2276, 2026 WL 2606369, at *3 (W.D. Mich. Sept. 3, 2026) (concluding the government's failure "to acquire a travel document to effect Petitioner's removal" was "'good reason' to believe that 'there is no significant likelihood of removal in the reasonably foreseeable future'").

Nor is Federal Respondents' second argument—that Moukhtar's removal is merely "temporarily paused" due to Uganda's Ebola outbreak—persuasive. (Doc. # 6 at 4). Although Federal Respondents insist that Moukhtar will be "expeditiously removed" once the outbreak subsides, (*see* Doc. 6-5 ¶ 7), they "provide no timeframe as to when ACA flights suspended due to the Ebola outbreak will resume," *Mohameddou v. Putra*, No. 1:26-CV-2829, 2026 WL 3167905, at *3 (W.D. Mich. Oct. 22, 2026) (granting habeas relief where the only justification for continued detention beyond *Zadvydas*'s presumptively reasonable period was the suspension of ACA flights to Uganda due to the

Ebola outbreak). And they "do not indicate that they have communicated with Uganda regarding [Moukhtar's] removal," *see id.*, much less offer any documentation suggesting that his removal is reasonably foreseeable. Without more, under these circumstances, Federal Respondents have failed to respond with sufficient evidence to rebut Moukhtar's showing that there is a "good reason to believe" that he will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. *See also Ghadi v. Raycraft*, No. 1:26-CV-2363, 2026 WL 2681973, at *3 (W.D. Mich. Sept. 14, 2026) (granting habeas relief where respondents offered no evidence that the Democratic Republic of Congo had approved the petitioner's travel documents or that removal operations had resumed amid an ongoing Ebola outbreak).

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Moukhtar's Petition for Writ of Habeas Corpus (Doc. # 1) is **GRANTED**;

(2) Federal Respondents shall **RELEASE** Moukhtar from immigration detention **WITHIN TEN (10) DAYS** of the entry of this Order, subject to continuing supervision by ICE; and

(3) Federal Respondents shall file a **Status Report** with the Court **on or before November 17, 2026** to certify compliance with this Order.

This 3rd day of November, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-407 Order Granting Habeas Petition.docx